UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA NURSES ASSOCIATION; NATIONAL NURSES UNITED; CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; and VOTO LATINO FOUNDATION,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOSEPH B. EDLOW, in his official capacity as Director of United States Citizenship and Immigration Services; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director of the United States Immigration and Customs Enforcement; ANTHONY SALISBURY, in his official capacity as Executive Associate Director of Homeland Security Investigations and the Principal Deputy Homeland Security Adviser to the White House; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of United States Customs and Border Protection; and THOMAS HOMAN, in his official capacity as Assistant to the President and Border Czar,

Defendants.

Case No. 3:26-cv-10680

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY**

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY**

Upon consideration of Plaintiffs' motion for a stay under 5 U.S.C. § 705 and for a preliminary injunction under Federal Rule of Civil Procedure 65; the related briefing and supporting materials; the arguments of counsel; and the preliminary record in this case, the Court makes the following findings of fact and conclusions of law:

1. Defendants' Unlawful Voter Initiative Policy, including the Voter Eligibility Matching Policy and the Field Operations Policy (as defined in Plaintiffs' Motion and Complaint) as well as associated policies and agreements, is a final agency action subject to review under the Administrative Procedure Act ("APA") and is not a matter committed to agency discretion under the APA.

2. There is a strong likelihood that Plaintiffs will succeed on the merits of their claims that Defendants' Unlawful Voter Initiative Policy, including the Voter Eligibility Matching Policy and the Field Operations Policy (as defined in Plaintiffs' Motion and Complaint) as well as associated policies and agreements, (1) violate Section 11(b) of the Voting Rights Act; (2) violate the constitutional right to vote; and (3) are contrary to law, unconstitutional, and arbitrary and capricious, in violation of the APA.

3. Plaintiffs are likely to suffer irreparable harm during the pendency of this litigation absent the issuance of preliminary relief.

4. The balance of equities strongly tips toward Plaintiffs, and the public interest strongly weighs in favor of issuing preliminary relief.

The Court hereby ORDERS the following:

1. Plaintiffs' Motion for a Stay and a Preliminary Injunction is GRANTED;

2. Defendants' Unlawful Voter Initiative Policy, including the Voter Eligibility Matching Policy and the Field Operations Policy, is STAYED. Defendants; Defendants' officers, agents,

servants, employees, and attorneys; and all other persons who are in active concert or participation with them (collectively, the "Enjoined Parties") shall

a. Suspend and rescind all guidance or other direction provided to their officers, staff, employees, or contractors to communicate, effectuate, or implement the Policy; and

b. Segregate and archive all TECS records created or altered as a result of the Policy starting August 21, 2026, and take no further action against or involving individuals based on those TECS records during the pendency of this litigation.

3. The Enjoined Parties are ENJOINED through November 25, 2026, from

a. Conducting field operations pursuant to the September 1, 2026, Surge Initiative Guidance;

b. Conducting elections-related field operations and field interviews that involve or are likely to involve persons whom the Enjoined Parties know, suspect, or should reasonably know or suspect are U.S. citizens; and

c. Conducting elections-related field operations based in whole or in part on TECS records generated from the Voter Eligibility Matching Policy that began August 21, 2026.

4. Defendants' counsel shall provide written notice of this Order to the Enjoined Parties by the end of the second calendar day after issuance of this Order.

5. Defendants must file a status report within three calendar days of the issuance of this Order certifying compliance with its requirements and describing the steps taken to ensure compliance with this Order, including a copy of the written notice to the Enjoined Parties and an explanation of when and to whom the notice was sent.

6. This Order shall remain in effect until further order of this Court.

SO ORDERED.

Entered this ___ day of _____________, 2026.

_____________________________

Honorable Thomas S. Hixson
United States Magistrate Judge