**PROTECT DEMOCRACY PROJECT**
BEAU C. TREMITIERE, SBN 320074
300 Center Ave, Suite G-251
Superior, CO 80027
GEOFFREY CURFMAN* NY Bar No. 5809199
JESSICA MARSDEN* NY Bar No. 5316526
82 Nassau St., #601
New York, NY 10038
HAYDEN JOHNSON* DC Bar No. 1671830
ZACHARY WEST* NY Bar No. 5192257O
ASHLEY FOX* LA Bar No. 41748
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Telephone: (202) 579-4582
Facsimile: (202) 769-3176
E-Mail:
beau.tremitiere@protectdemocracy.org
geoffrey.curfman@protectdemocracy.org
jess.marsden@protectdemcracy.org
hayden.johnson@protectdemcracy.org
zachary.west@protectdemocracy.org
ashley.fox@protectdemocracy.org

**NATIONAL IMMIGRATION LAW CENTER**
BENJAMIN R. FARLEY* DC Bar No. 90042585
IMANI FRANKLIN* DC Bar No. 90006160
PO Box 34573
Washington, D.C. 20043
Telephone: (213) 639-3900
Facsimile: (202) 738-9128
E-mail: farley@nilc.org
franklin@nilc.org

Attorneys for Plaintiffs
CALIFORNIA NURSES ASSOCIATION, NATIONAL NURSES UNITED, and VOTO LATINO FOUNDATION

**CITY AND COUNTY OF SAN FRANCISCO**
DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
MICHAEL A. KEOUGH, SBN 327037
Special Counsel
JOEL F. WACKS, SBN 326561
Deputy City Attorney
Fox Plaza, 1390 Market Street, 7th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-4700
Facsimile: (415) 437-4644
E-Mail:
Michael.Keough@sfcityatty.org
Joel.Wacks@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

**COUNTY OF SANTA CLARA**
TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
BILL NGUYEN, SBN 333671
Deputy County Counsel
70 W. Hedding Street, East Wing, 9th Floor
San José, CA 95110
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
E-Mail: bill.nguyen@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

**Pro Hac Vice Application Forthcoming*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION; NATIONAL NURSES UNITED; CITY AND COUNTY OF SAN FRANCISCO; COUNTY | Case No. 3:26-cv-10680<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR EXPEDITED** |

OF SANTA CLARA; and VOTO LATINO FOUNDATION,

Plaintiffs,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOSEPH B. EDLOW, in his official capacity as Director of United States Citizenship and Immigration Services; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director of the United States Immigration and Customs Enforcement; ANTHONY SALISBURY, in his official capacity as Executive Associate Director of Homeland Security Investigations and the Principal Deputy Homeland Security Adviser to the White House; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of United States Customs and Border Protection; and THOMAS HOMAN, in his official capacity as Assistant to the President and Border Czar,

Defendants.

**PRODUCTION OF THE ADMINISTRATIVE RECORD AND EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Hearing Date: October 29, 2026
Time: 10:00am
Before: Hon. Thomas S. Hixson

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

NOTICE OF MOTION AND MOTION ........ 1

INTRODUCTION ........ 2

BACKGROUND ........ 2

ARGUMENT ........ 5

I. The Court should order expedited production of the administrative record. ........ 5

II. The Court should also order expedited production of discovery. ........ 9

CONCLUSION ........ 11

## TABLE OF AUTHORITIES

**Cases**

*All. for Retired Ams. v. Bessent*,
770 F. Supp. 3d 79 (D.D.C. 2025) .......... 7

*Alo, LLC v. Fang*,
No. 25-CV-11126-PHK, 2026 WL 1725893 (N.D. Cal. June 15, 2026) .......... 10

*Am. Bioscience, Inc. v. Thompson*,
243 F.3d 579 (D.C. Cir. 2001) .......... 7

*Crawford-El v. Britton*,
523 U.S. 574 (1998) .......... 9

*Fla. Democratic Party v. Scott*,
215 F. Supp. 3d 1250 (N.D. Fla. 2016) .......... 6

*Friends of the River v. U.S. Army Corps of Engs.*,
870 F. Supp. 2d 966 (E.D. Cal. 2012) .......... 8

*Hallett v. Morgan*,
296 F.3d 732 (9th Cir. 2002) .......... 6

*Illinois v. Vought*,
No. 26-CV-1566, 2026 WL 962382 (N.D. Ill. Feb. 25, 2026) .......... 8

*League of Women Voters of N.C. v. North Carolina*,
769 F.3d 224 (4th Cir. 2014) .......... 6

*Miloedu, Inc. v. James*,
No. 21-CV-09261-JST, 2021 WL 6072821 (N.D. Cal. Dec. 23, 2021) .......... 10

*Nat'l Urban League v. Ross*,
No. 20-CV-05799-LHK, 2020 WL 5441356 (N.D. Cal. 2020) .......... 6, 7, 8

*New Mexico v. Musk*,
770 F. Supp. 3d 192 (D.D.C. 2025) .......... 10, 11

*Newsom v. Trump*,
No. 25-CV-04870-CRB, 2025 WL 2250569 (N.D. Cal. June 25, 2025) .......... 6, 10, 11

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
208 F.R.D. 273 (N.D. Cal. 2002) .......... 9, 11

*Thompson v. U.S. Dep't of Labor*,
885 F.2d 551 (9th Cir. 1989) .......... 6

*Varniab v. Edlow*,
No. 25-CV-10602-SVK, 2026 WL 161410 (N.D. Cal. Jan. 21, 2026) .......... 6, 7, 8

*Washington v. Dep't of Educ.*,
No. C26-2409-KKE, 2026 WL 2475088 (W.D. Wash. Aug. 24, 2026) .......... 5, 8

**Rules**

Civ. L.R. 16-5 ........ 6

Fed. R. Civ. P. 26, Advisory Committee Notes, 1983 Amendment sub. d ........ 10

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on Thursday, October 29, 2026, or as soon thereafter as may be heard before the Honorable Thomas S. Hixson in Courtroom E–15th Floor of the United States District Court for the Northern District of California, located at San Francisco, CA, all Plaintiffs will and hereby do move the Court for an order requiring expedited production of the administrative record and expedited production of discovery, issued against Defendants: Markwayne Mullin, in his official capacity as Secretary of Homeland Security; United States Department of Homeland Security; United States Citizenship and Immigration Services; Joseph B. Edlow, in his official capacity as Director of United States Citizenship and Immigration Services; United States Immigration and Customs Enforcement; David J. Venturella, in his official capacity as Senior Official Performing the Duties of the Director of the United States Immigration and Customs Enforcement; Anthony Salisbury, in his official capacity as Executive Associate Director of Homeland Security Investigations and the Principal Deputy Homeland Security Adviser to the White House; United States Customs and Border Protection; Rodney S. Scott, in his official capacity as Commissioner of United States Customs and Border Protection; and Thomas Homan, in his official capacity as Assistant to the President and Border Czar. Plaintiffs respectfully move this Court to issue an order requiring Defendants to produce the administrative record and respond to the discovery requests contained in this Motion on or before September 29, 2026.

Plaintiffs' Motion is based on this Notice of Motion and Motion, the accompanying supporting Memorandum of Points and Authorities, the accompanying supporting declarations and exhibits thereto, the Complaint, as well as the papers, evidence, and records on file in this action, and any other written or oral evidence or argument as may be presented at or before the time this Motion is heard by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

At the height of electoral activity ahead of the midterm elections and with early voting underway in several states, the Department of Homeland Security ("DHS") is embarking on an unprecedented initiative to interrogate voter eligibility using data sources afflicted by well-documented inaccuracies and without taking sufficient precautions to prevent confusing and intimidating eligible U.S. citizen voters. Defendants do so as part of an agency Policy, what DHS calls the Unlawful Voter Initiative. Plaintiffs seek preliminary injunctive and 5 U.S.C. § 705 stay relief of DHS's policy based on violations of the Administrative Procedure Act ("APA"), the Voting Rights Act, and the constitutional right to vote.

Because the documents and other evidence underlying DHS's Policy are not publicly available, Plaintiffs seek expedited production of the administrative record and expedited discovery. The Court should grant the motion because production of these materials will shed necessary light on the scope of the intimidating operations underway, including the U.S. citizens subjected to the operations; support a prompt resolution of the motion for a preliminary injunction; and will not unduly burden Defendants.

## BACKGROUND

On September 18, 2026, Plaintiffs filed a complaint challenging DHS's self-titled Unlawful Voter Initiative Policy, under which DHS has adopted a handful of publicly known (but currently inaccessible) policy memoranda and a pattern of conduct indicating two implementing policies, which Plaintiffs refer to as the Voter Eligibility Matching Policy and the Field Operations Policy. Under the Voter Eligibility Matching Policy, DHS has compiled data in an effort to identify non-citizens who have allegedly participated in elections, relying on sources that are rife with inaccuracies and methodologies that are known to produce significant false positives. Then, under the Field

Operations Policy, DHS conducts field operations targeting individuals whom its faulty dataset and methodologies have not eliminated from further scrutiny–including eligible U.S. citizen voters.

The documents and other materials comprising these policies are not publicly available, but extensive reporting in recent weeks and a Whistleblower Disclosure published September 14, 2026, *see* Plaintiffs' Motion for a Preliminary Injunction and Stay, Declaration of Beau Tremitiere ("Tremitiere Decl.") Ex. 2, have identified many of the core components. According to those reports, to implement the Field Operations Policy, DHS issued an internal guidance document (the "Surge Initiative Guidance") that instructs the Homeland Security Investigations ("HSI") unit of U.S. Immigration and Customs Enforcement ("ICE") to, beginning on September 1, 2026, engage in field operations targeting individuals identified for voter-related investigations through DHS's Voter Eligibility Matching Policy. Tremitiere Decl., Ex. 4. That guidance, which CNN journalists reportedly reviewed, directs HSI agents to lead a "coordinated criminal voter fraud surge initiative to pursue investigative leads, conduct field interviews, and support timely prosecutorial review." *Id.*

To implement the Voter Eligibility Matching Policy, DHS reportedly issued a separate internal memorandum directing HSI agents to coordinate with U.S. Citizenship and Immigration Services ("USCIS") to initiate deportation proceedings when a DHS inquiry links a purported non-U.S. citizen to alleged unlawful participation in elections (hereafter, the "HSI-USCIS Coordination Memo"). *See* Tremitiere Decl., Ex. 20. An August 25 *Washington Post* report indicates that DHS has reassigned hundreds of USCIS officers normally responsible for vetting legal-status applications to instead conduct investigations into voter eligibility, a move likely to be related to implementation of the HSI-USCIS Coordination Memo. *See* Tremitiere Decl., Ex. 28. The September 14 USCIS Whistleblower Disclosure details the agency's implementation of this Voter Eligibility Matching Policy.

Additionally, on June 9, DHS posted a press release stating it had issued a letter memorandum ordering HSI to devote resources to arrest and deport alleged non-U.S. citizens DHS believes have voted or were improperly registered, even absent any criminal adjudication that they had in fact committed such violations (hereafter the "HSI Targets Memo"). *See* Tremitiere Decl., Ex. 27.

Reporting also indicates that DHS has already begun field operations targeting alleged unlawful election participation by non-citizens using the data sources and methodologies challenged in the complaint. Most recently, on September 11, 2026, the HSI Northern California office posted on social media photos of armed HSI agents approaching residential home entrances, with a statement that it "will investigate any allegations of noncitizen voting and is committed to ensuring the enforcement of federal election law." Tremitiere Decl., Ex. 13. Similarly, on August 26, DHS posted on social media that, "[d]uring the week of August 10, 2026, HSI conducted a Title-8 voter registration fraud operation in California and arrested targeted fraudsters." Tremitiere Decl., Ex. 14. The video contained in this post shows armed HSI agents in tactical vests interrogating individuals at their residences and in vehicle stops, as well as making arrests and detentions. *See id.* Separately, on September 9, HSI posted on social media that the agency "is relentlessly hunting down voter fraudsters and protecting the integrity of American elections." Tremitiere Decl., Ex. 12.

Because electoral activity for the midterm elections is currently underway, and the record indicates that DHS has been implementing the policy challenged here, Plaintiffs are seeking injunctive relief and a stay from this Court. On September 21, 2026, Plaintiffs filed a motion for a preliminary injunction seeking relief on their claims challenging the Unlawful Voter Initiative Policy and its component parts. The motion requests an order enjoining and staying Defendants, their officers, agents, assigns, and all persons acting in concert with them, from implementing or enforcing the Unlawful Voter Initiative Policy and its components, including the Field Operations Policy and Voter Eligibility Matching Policy.

## ARGUMENT

To ensure the Court can adjudicate Plaintiffs' motion to enjoin a policy that is already intimidating eligible voters during the current election cycle, Plaintiffs move simultaneously for expedited production of materials pertinent to their motion for injunctive relief. Plaintiffs request both (1) expedited production of the administrative record, as relevant to their APA claims, and (2) expedited discovery relevant to their statutory and constitutional claims, as other district courts in the Ninth Circuit have ordered in recent weeks in cases against the federal executive. *See, e.g.*, *Washington v. Dep't of Educ.*, No. C26-2409-KKE, 2026 WL 2475088, at *2 (W.D. Wash. Aug. 24, 2026).

### I. The Court should order expedited production of the administrative record.

Plaintiffs first seek an order directing defendants to produce on an expedited basis the administrative record underlying the actions challenged in Plaintiffs' APA claims. Plaintiffs seek the entire administrative record for what Defendants have titled the Unlawful Voter Initiative Policy. In the interest of expediting the production, this includes at minimum, the text of the policy documents, record for their creation, and any subsequent implementing directive or guidance for: (1) the Surge Initiative Directive, which appears to initiate or direct the Field Operations Policy, as well as any corresponding implementation documents, training videos, websites, or communications across the nine jurisdictions reportedly targeted by the directive; (2) the HSI-USCIS Coordination Memo, which appears to initiate the Voter Eligibility Matching Policy; and (3) the HSI Targets Memo. Plaintiffs request that the Court direct defendants to serve and file the record by September 29, 2026, or no later than seven days before the Court schedules a hearing on plaintiffs' motion for a preliminary injunction, whichever date is earlier.

In adjudicating claims under the APA, the court is generally limited to reviewing the administrative record underlying the agency's action, *Thompson v. U.S. Dep't of Labor*, 885 F.2d

551, 555 (9th Cir. 1989), and the agency must accordingly produce a record that "consists of 'all documents and materials directly or indirectly considered by agency decision-makers' at the time of the decision," *Nat'l Urban League v. Ross*, No. 20-CV-05799-LHK, 2020 WL 5441356, at *12 (N.D. Cal. 2020) (quoting *Thompson*, 885 F.3d at 555). This is to facilitate both contrary-to-law and arbitrary-and-capricious review claims challenging the agency's decision, which requires revealing the authority the agency relied on to act and the information it did and did not consider in forming and implementing agency policy.

The agency must ordinarily serve the administrative record no more than 90 days after the complaint is served, Civ. L.R. 16-5, but the court retains broad discretion to order expedited production, *see Varniab v. Edlow*, No. 25-CV-10602-SVK, 2026 WL 161410, at *1 (N.D. Cal. Jan. 21, 2026); *Ross*, 2020 WL 5441356, at *11; *see also Newsom v. Trump*, No. 25-CV-04870-CRB, 2025 WL 2250569, at *4 (N.D. Cal. June 25, 2025) (explaining "district courts have 'broad discretion' over discovery, including to modify the standard discovery schedule" (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002))). In evaluating whether to order expedited production, courts generally consider whether doing so is necessary to rule on a pending motion for preliminary injunctive relief, the breadth of the request, and whether the request will impose any undue burden. *See Varniab*, 2026 WL 161410, at *1–2. Those factors all favor granting expedited production here.

*Pending motion for a preliminary injunction:* This is not a case where the court should follow the ordinary production schedule, allowing defendants to wait up to 90 days from the date plaintiffs served the complaint before producing the administrative record. *See* Civ. L.R. 16-5. The election is well underway, and Plaintiffs' request for relief to prevent voter intimidation is both urgent and necessarily time limited because "once the election occurs, there can be no do-over and no redress." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014); *accord Fla. Democratic Party v. Scott*, 215 F. Supp. 3d 1250, 1258 (N.D. Fla. 2016) (explaining that in election

cases, "[t]his isn't golf: there are no mulligans"). The midterm elections fall on November 3, well before the anticipated final production deadline of mid-December, and the early voting period will begin far earlier in many of the nine states implicated under the policies challenged here: California, Connecticut, Georgia, Missouri, Nevada, New York, Pennsylvania, Washington, and Wisconsin. *See* Tremitiere Decl., Ex. 4. In Pennsylvania and Wisconsin, for example, voting began as early as September 14, Tremitiere Decl., Ex. 6, and September 21, Tremitiere Decl., Ex. 8, respectively, and early voting in California will begin on October 6, Tremitiere Decl., Ex. 11. Yet, as Plaintiffs demonstrate in their preliminary injunction briefing, Defendants are *already* employing intimidation tactics in some jurisdictions, including here in California, with no apparent plan to stop before the election. Adhering to the ordinary production schedule would mean that the election will likely end and the damage from Defendants' actions will be done before the Court has a chance to rule on Plaintiffs' request for injunctive relief.

Particularly in this context, and as was critical in *Varniab*, expedited production is essential in this case because reviewing the administrative record will aid the court in resolving plaintiffs' motion for a preliminary injunction and an APA section 705 stay. *See* 2026 WL 161410, at *1 ("First and foremost [in favor of ordering expedited production] is the very fact that Plaintiffs are seeking a preliminary injunction . . . ."); *see also Ross*, 2020 WL 5441356, at *12–13 (ordering expedited production of administrative record to facilitate review of motion for preliminary injunction); *All. for Retired Ams. v. Bessent*, 770 F. Supp. 3d 79, 96 (D.D.C. 2025) (explaining that "binding precedent [had] compel[led] the Court to call for the administrative record" before deciding whether plaintiffs were likely to succeed on the merits of their APA claims (citing *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001))). To evaluate the Field Operations Policy, for example, the Court will need to review the record to determine whether Defendants are taking any steps to avoid confronting eligible voters and causing voter intimidation, particularly in the period immediately

preceding the election. None of these materials are available to the public, and although news reporting and DHS's own media appearances and posts cover some aspects of the policy, the court must review the record itself to fully assess whether Defendants acted arbitrarily and capriciously and contrary to law.

In addition, to the extent Defendants argue that the Unlawful Voter Initiative Policy is not a final agency action, the court will need to assess the administrative record as jurisdictional discovery to decide whether this case is subject to APA review. *See Ross*, 2020 WL 5441356, at *11–12 (rejecting argument that reviewability must be decided before ordering expedited production of administrative record (citing *Friends of the River v. U.S. Army Corps of Engs.*, 870 F. Supp. 2d 966, 976 (E.D. Cal. 2012) ("Determining whether [the challenged actions] are final agency actions in the instant case requires a review of the full administrative record . . . ." ); *Illinois v. Vought*, No. 26-CV-1566, 2026 WL 962382, at *1 (N.D. Ill. Feb. 25, 2026) (ordering expedited production of discovery to determine whether final agency action exists); *Washington*, 2026 WL 2475088, at *2 (ordering expedited production of discovery and of administrative record for same). As explained in Plaintiffs' motion for a preliminary injunction, available reporting leaves little doubt that the policy is final, but to the extent there is any question, requiring expedited production of the record will assist the Court. *See Ross*, 2020 WL 5441356, at *11–12 (rejecting federal government's request to rely solely on materials outside the record in assessing whether agency action was final).

*Narrow focus and no undue burden:* The expedited production request made here is also "focused and narrow" and would not "unduly burden[]" Defendants. *Varniab*, 2026 WL 161410, at *2. Plaintiffs are moving to stay agency action—DHS's Unlawful Voter Initiative Policy and its implementing components—instituted via memoranda issued within just the last four months. Plaintiffs' expedited discovery requests have already identified many of the core materials that comprise the underlying record. Courts have found no undue burden from the expedited production

of an administrative record in comparable circumstances. *See id.* (no undue burden from expedited production of an administrative record comprising a policy memorandum and other "documents and materials directly or indirectly considered by agency decisionmakers"). Also, the unlawful policy has clearly not gone through notice-and-comment rulemaking and thus did not generate the extensive studies and public input—often spanning tens of thousands of pages—that typically go into the record of a formal regulation issued via a normal agency process operating within the typical bounds of the APA.

**II. The Court should also order expedited production of discovery.**

Plaintiffs also seek expedited discovery under Rule 26(d) of the Federal Rules of Civil Procedure. The materials that comprise the administrative record are also directly relevant to Plaintiffs' constitutional and statutory claims under the Voting Rights Act, and, if the court does not order expedited production of the administrative record, Plaintiffs alternatively request those materials through expedited production of discovery. In addition, Plaintiffs request expedited responses to a limited set of interrogatories seeking information related to the Unlawful Voter Initiative Policy and documented field operations that may have involved coercive confrontations by DHS with U.S. citizens.

In general, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court has broad discretion to order expedited discovery under Rule 26(d)(1) for "good cause," meaning that "the need for expedited discovery, considering the administration of justice, outweighs the prejudice to the opposing party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Similar to the standard governing expedited production of an administrative record, the relevant factors in making this determination include whether a request for a preliminary injunction is pending, the purpose for requesting expedition, the breadth of the discovery request, the

burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made. *Alo, LLC v. Fang*, No. 25-CV-11126-PHK, 2026 WL 1725893, at *2 (N.D. Cal. June 15, 2026); *Newsom*, 2025 WL 2250569, at *6. The Court should grant expedited discovery for largely the same reasons it should order expedited production of the administrative record.

*Pending motion for a preliminary injunction:* The guidance, memoranda, and other materials at the heart of this case are not publicly available, and Plaintiffs seek these materials through expedited discovery to support their motion for a preliminary injunction. *See New Mexico v. Musk*, 770 F. Supp. 3d 192, 198–99 (D.D.C. 2025) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." (citation modified)); Fed. R. Civ. P. 26, Advisory Committee Notes, 1983 Amendment sub. d (explaining expedited discovery is "appropriate" in cases "involving requests for a preliminary injunction"). The materials Plaintiffs request will assist the court in resolving the motion because they comprise the relevant implementing policies and guidance which are not currently publicly available, will reveal whether Defendants have taken any steps to avoid intimidating eligible voters, and will illuminate the rationale underlying the policies and their effects on U.S. citizen voters.

*Purpose:* Plaintiffs' purpose for requesting this discovery also favors ordering complete and expedited production. Plaintiffs seek to vindicate the fundamental rights of U.S. citizens to vote and to participate in the electoral process free from fear and intimidation. Few topics are more compelling and urgent than upholding the fundamental right to vote. Courts often grant expedited discovery in business-dispute cases to, for example, "minimize any harm to Plaintiff's competitive position." *See, e.g.*, *Miloedu, Inc. v. James*, No. 21-CV-09261-JST, 2021 WL 6072821, at *4 (N.D. Cal. Dec. 23, 2021) (quoting *Comet Techs. v. United States of Am., Inc.*, No. 18-CV-01441-LHK, 2018 WL 1990226, at *7 (N.D. Cal. Mar. 15, 2018)); *accord Alo*, 2026 WL 1725893, at *2; *Semitool, Inc.*, 208

F.R.D. at 277. Expedited discovery concerning ongoing and necessarily time-bound threats to the right to vote and to minimize voter intimidation during the upcoming midterm elections is at least equally warranted.

*No undue burden:* Moreover, Plaintiffs are seeking a narrow set of materials spanning less than four months, many of which they have specifically identified based on public reporting, and Plaintiffs have not yet requested depositions. The limited interrogatories Plaintiffs have included in their expedited production request also do not meaningfully add to any burden on Defendants, as they largely target information related to a small number of documented operations. That is fully consistent with the minimal burdens that courts, including in this District, have tolerated in ordering expedited discovery in analogous cases. *See Newsom*, 2025 WL 2250569, at *6 & n.5 (awarding expedited discovery concerning National Guard deployment in California that included protocols, reports, and other materials related to enforcement actions; responses to interrogatories concerning specified operations; and depositions of at least two officials); *New Mexico*, 770 F. Supp. 3d at 200–03 (awarding expedited discovery of documents covering a two-month period on a wide range of topics related to the Department of Government Efficiency's operations, but excluding depositions, which "impose a heavier burden than written discovery").

**CONCLUSION**

For the reasons stated above, the Court should grant Plaintiffs' motion for expedited production of the administrative record and grant their motion for expedited discovery of any materials identified herein that are not produced in an expedited administrative record.

DATED: September 21, 2026

Respectfully submitted,

By: */s/ Beau C. Tremitiere*
BEAU C. TREMITIERE
Counsel
GEOFFREY CURFMAN*
Counsel

HAYDEN JOHNSON*
Counsel
ZACHARY WEST*
Counsel
JESSICA MARSDEN*
Counsel
ASHLEY FOX*
Counsel

Attorneys for Plaintiffs
CALIFORNIA NURSES ASSOCIATION,
NATIONAL NURSES UNITED, AND
VOTO LATINO FOUNDATION

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
MOLLIE M. LEE
Chief of Strategic Advocacy
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
MICHAEL A. KEOUGH
Special Counsel
JOEL F. WACKS
Deputy City Attorney

By: *<u>/s/ Michael A. Keough</u>*
MICHAEL A. KEOUGH
Special Counsel

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

TONY LOPRESTI
County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
BILL NGUYEN
Deputy County Counsel

By: *<u>/s/ Bill Nguyen</u>*
BILL NGUYEN
Deputy County Counsel

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

BENJAMIN R. FARLEY*
Counsel
IMANI FRANKLIN*
Counsel

By: *<u>/s/ Benjamin R. Farley</u>*
BENJAMIN R. FARLEY*
Counsel

Attorneys for Plaintiffs
CALIFORNIA NURSES ASSOCIATION,
NATIONAL NURSES UNITED, AND
VOTO LATINO FOUNDATION

**Pro Hac Vice Application Forthcoming*

**FILER'S ATTESTATION**

I, Beau Tremitiere, am the ECF user whose identification and password are being used to file this Notice of Motion and Motion for Preliminary Injunction and Stay and Supporting Memorandum of Points and Authorities. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.

DATED: September 21, 2026 Respectfully submitted,

By: *<u>/s/ Beau C. Tremitiere</u>*
BEAU C. TREMITIERE
Counsel