CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748
elsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>Defendants. | Case No. 4:26-cv-10680-AMO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME AND ESTABLISH EXPEDITED BRIEFING AND HEARING SCHEDULE FOR PLAINTIFFS' MOTION FOR EXPEDITED PRODUCTION OF THE ADMINISTRATIVE RECORD AND EXPEDITED DISCOVERY AND PLAINTIFFS' MOTION FOR APA STAY AND PRELIMINARY INJUNCTION**<br><br>The Honorable Araceli Martínez-Olguín |

Pursuant to Civil L.R. 6-3(b), Defendants respectfully submit this response to Plaintiffs' Motion to Shorten Time and Establish Expedited Briefing and Hearing Schedule for Plaintiffs' Motion for Expedited Production of the Administrative Record and Expedited Discovery and Plaintiffs' Motion for APA Stay and Preliminary Injunction ("Mot."), Dkt. No. 12.

Plaintiffs seek a briefing and hearing schedule that is unreasonably short, would seriously prejudice the government, and would ill-serve the Court and the interests of justice. Plaintiffs' Motion to Shorten Time is drafted as if the factual and legal issues in this matter have already been decided in their favor and must be immediately remedied by this Court. Yet, so far, Plaintiffs' claims are supported by nothing more than unproven allegations to which the government is entitled to respond in full with an adequate opportunity to conduct a reasonable investigation. The government understands that some compression of the default schedule may be appropriate in matters such as this, but Plaintiffs cannot justify the exigencies they are attempting to impose on the government and on the Court from their own litigation choices. That is especially true here, where voting in the general election will continue until November 3.

For the reasons set forth in more detail below, the government proposes a reasonable and modest alternative briefing schedule such that its response to Plaintiffs' discovery motion would be due in less than a week on September 29; its response to Plaintiffs' preliminary injunction motion would be due on October 9; and the Court would hear the motions at its convenience following the completion of briefing.

## I. Plaintiffs' Motions Merit A Fulsome Response.

Plaintiffs raise serious claims against the government, including threatened violations of the Voting Rights Act, the APA, and the Constitution. Such claims deserve a thorough factual investigation and well-researched legal briefing. They merit more than a hurried response.

Indeed, the sheer volume of Plaintiffs' filings underscores the time required to prepare an adequate response. Plaintiffs' Complaint—which still has not been served on the government—is 58 pages long, totaling 326 numbered paragraphs. *See* Dkt. No. 1. It contains nine causes of action, and reflects the involvement of 18 identified attorneys. Plaintiffs consist of five separate organizations, who have brought their claims against ten separately named defendants. There is much to digest in this newly filed action.

Plaintiffs' preliminary injunction motion is similarly voluminous. *See* Dkt. No. 10. The motion is supported by seven declarations, altogether totaling 1257 pages. *See* Dkt. Nos. 10-1 to 10-7. One of the declarations is submitted by a putative expert. *See* Dkt. No. 10-6. Another is 1168 pages long by itself. *See* Dkt. No. 10-7. Merely reading these papers will take dozens of hours of attorney time, not to mention preparing responses to the points raised therein after consultation with the relevant government defendants.

Plaintiffs claim that time is of the essence, but they are themselves responsible for the current timing. The date of the midterm election has been known for years, and Plaintiffs base their claims on allegations that are weeks and months old. Indeed, Plaintiffs' Complaint and briefing repeatedly cite alleged social media posts, investigative actions, and media articles from August of this year and earlier. *See, e.g.*, Dkt. No. 1 at ¶¶ 99, 117, 125 n. 35, 135, 163, 189-233. Plaintiffs chose when to file their action; they waited to notify the government of the complaint until three days after they filed it and waited to file their motions until shortly before midnight on Monday of this week. Indeed, the government is still assembling the team of agency attorneys and subject matter experts that will be necessary to respond to Plaintiffs' lengthy claims. Plaintiffs' choice to wait and notify the government of this action after East Coast business hours on Monday, rather than promptly providing notice when they filed it last Friday, has only further delayed the government's ability to prepare its response.

Plaintiffs' voluminous filings—including a 58-page Complaint and a preliminary injunction motion comprising 1257 pages—undoubtedly took weeks of attorney time to prepare. Their identification of 18 lawyers on their pleadings reflects countless hours of researching, drafting, reviewing, corresponding, and finalizing their papers. Rather than presenting this case to the Court earlier and giving the government sufficient time to consider and respond to their arguments, they chose instead to spend these additional days gilding their own filings while asking the Court to subtract this time from the government's response period. The government should be entitled to something approaching an equal opportunity to present its case to the Court before it decides these important motions seeking extraordinary relief.

**II. There Is More Time Than Plaintiffs Suggest.**

Plaintiffs claim that their supposed urgency is necessitated because early voting will begin in

California on October 5. *See* Dkt. No. 12 at 2. But, of course, voting will not end on October 5. The actual midterm election is scheduled to occur on November 3, and California officials will count ballots received up to seven days thereafter. Plaintiffs do not and cannot show that all of the interests they seek to vindicate by this lawsuit will be irreparably harmed if the Court does not grant them the full and final relief they seek before the first day of early voting.

The government takes seriously Plaintiffs' claims of potential voter intimidation, and does not minimize the harm that eligible voters might suffer if they are improperly chilled in exercising their right to the franchise during the election period. But, due to Plaintiffs' choice of when to file suit, any such risk must be weighed against the risk of prejudice to the government and the damage to the interests of justice that would result from an overly abbreviated briefing schedule. The alternative schedule proposed by the government, which is addressed below, would adequately balance those interests by allowing the government a more reasonable time to respond, while still providing for sufficient time for the Court to hear and resolve Plaintiffs' motions well in advance of the November 3 general election.

**III. Defendants' Proposed Schedule.**

The government acknowledges that the issues raised in this litigation warrant expedited consideration, but for the reasons set forth above, Plaintiffs' requested schedule is unworkable and would result in significant prejudice to the government, ultimately impairing the Court's ability to fairly consider and resolve the serious claims Plaintiffs have raised. Defendants propose the following alternative schedule to provide more time for the government to prepare an adequate response, which would still significantly expedite the resolution of Plaintiffs' motions.

- Defendants' response to Plaintiffs' discovery motion would be due September 29;
- Plaintiffs' reply in support of their discovery motion would be due September 30, one day later, as they requested, or later if Plaintiffs request more time;
- Defendants' response to Plaintiffs' preliminary injunction motion would be due October 9;
- Plaintiffs' reply in support of their preliminary injunction motion would be due October 12, three days later, as they requested, or later if Plaintiffs request more time;
- The Court would specially set the hearing on both motions as soon as it is willing to do so following the completion of briefing.

For the foregoing reasons, the government respectfully requests that the Court deny Plaintiffs' motion to shorten time and enter the alternative briefing schedule proposed above.

Dated: September 23, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ Kelsey J. Helland
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendants