UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVSION

CALIFORNIA NURSES ASSOCIATION; NATIONAL NURSES UNITED; CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; and VOTO LATINO FOUNDATION,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOSEPH B. EDLOW, in his official capacity as Director of United States Citizenship and Immigration Services; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director of the United States Immigration and Customs Enforcement; ANTHONY SALISBURY, in his official capacity as Executive Associate Director of Homeland Security Investigations and the Principal Deputy Homeland Security Adviser to the White House; UNITED STATES CUSTOMS AND BORDER CONTROL; RODNEY S. SCOTT, in his official capacity as Commissioner of United States Customs and Border Control; and THOMAS HOMAN, in his official capacity as Assistant to the President and Border Czar,

Defendants.

Case No. 4:26-cv-10680

**DECLARATION OF MICHAEL A. KEOUGH IN SUPPORT OF PLAINTIFFS' MOTION TO SHORTEN TIME AND ESTABLISH EXPEDITED BRIEFING AND HEARING SCHEDULE FOR PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE RECORD WITH EXPEDITED DISCOVERY**

I, Michael A. Keough, declare and state the following:

1. I am over the age of 18. I am a resident of the State of California; a member of the Bar of this Court; a Special Counsel with the Office of the City Attorney, City and County of San Francisco; and an attorney for Plaintiff City and County of San Francisco in the action *California Nurses Association, et al. v. Mullin, et al.*, No. 3:26-cv-10680 (N.D. Cal.), filed in this District on September 18, 2026. I make this declaration in support of Plaintiffs' Motion to Shorten Time and Establish Expedited Briefing and Hearing Schedule for Plaintiffs' Motion to Complete the Administrative Record, or in the Alternative, to Supplement the Record with Expedited Discovery ("Motion to Shorten Time"). I state the matters herein of my personal knowledge. If called on to do so, I could and would testify to them.

2. **Nature of underlying dispute**: On September 21, Plaintiffs filed a Motion for APA Stay and Preliminary Injunction (hereafter the "PI Motion") seeking an Order enjoining Defendants from continuing to implement the Unlawful Voter Initiative, a Department of Homeland Security policy under which Defendants deploy armed federal agents into neighborhoods to interrogate residents, including United States citizens, about their citizenship and their participation in elections. Plaintiffs—labor unions representing U.S. citizen members, local governments administering elections, and a voter services organization—allege that Defendants' aggressive tactics under the Unlawful Voter Initiative Policy have caused U.S. citizen voters, and the organizations and governments that mobilize and assist them, to curtail their participation in electoral activity. On September 24, the Court adopted an expedited schedule, (i) ordering Defendants to produce the Administrative Record and file any opposition to the PI Motion by September 28, (ii) ordering Plaintiffs to file a reply, if any, in support of the PI Motion by September 30, and (iii) setting a hearing on the PI Motion for October 1.

3. On September 28, Defendants produced to Plaintiffs two PDF documents purporting to constitute the entirety of the Administrative Record. The production totaled 25 pages and consisted of the following: (i) two copies of a March 2025 executive order issued by the President and published on the Federal Register; (ii) one copy of a March 2026 executive order issued by the President and

published on the Federal Register; (iii) a March 2026 email; and (iv) an August 2026 weekly bulletin. The latter two documents comprised 9 total pages, roughly two-thirds of which are fully redacted.

4. **Reasons for Requested Time Modification and Substantial Harm or Prejudice That Would Occur Without the Requested Time Modification**: Defendants' conduct has already harmed and continues to harm Plaintiffs and their U.S. citizen members and constituents by deterring their specific engagement in the political process; curtailing voter engagement events; pressuring them to divert election-administration resources; and subjecting them to fear of increased surveillance, harassment, and/or retaliation by Defendants. Defendants' conduct threatens further harm to voter registration, voter outreach, and voting in the upcoming midterm elections.

5. The Court's expedited schedule ordered on September 24, 2026 would have allowed for the issuance of preliminary relief before Monday, October 5, 2026, when Californians begin voting in the upcoming midterm elections. Continuation of the Unlawful Voter Initiative past October 5, 2026, will operate to ensure votes not cast, registrations not completed, and voter outreach forgone because of Defendants' intimidatory conduct. Unfortunately, Defendants' deficient production frustrates that schedule and produces additional delay by depriving Plaintiffs and the Court of the agency documents required by law. Plaintiffs have concurrently filed a Motion to Complete the Administrative Record, or in the Alternative, to Supplement the Record with Expedited Discovery ("Second Production Motion") to ensure that the Parties and Court will have the sufficient and complete record required to properly adjudicate the PI Motion. Prompt resolution of the Second Production Motion is necessary to reaffirm Defendants' production obligations and minimize further delay in the ultimate resolution of the PI Motion.

6. The risk of substantial harm and prejudice to Plaintiffs is not remote. Under the default schedule established for the disposition of motions under Northern District of California Local Civil Rule 7-2(a), Plaintiffs' Second Production Motion would not be heard before Election Day, weeks after Californians have begun voting and California's voter registration deadline has passed. Given that a complete record is necessary before the Court can adjudicate the PI Motion, if the Court does not shorten time, Plaintiffs will have no meaningful opportunity to challenge the Unlawful Voter

Initiative during this critical electoral period when early voting is occurring and before voter registration is finalized.

7. **Efforts to obtain stipulation**: At 1:40 pm Pacific Time in the afternoon on September 29, 2026, I emailed Kelsey Helland, Assistant U.S. Attorney in the United States Attorney's Office for the Northern District of California to share the proposed shortened schedule and to request Defendants' position on this Motion to Shorten Time. The government responded requesting a meet and confer pursuant to the Court's discovery dispute procedure and requesting an explanation of the alleged deficiencies. Plaintiffs responded explaining that, while the failure to produce a complete Administrative Record was not covered by the Court's discovery dispute procedure, Plaintiffs had attempted to provide additional information on Thursday, September 24 to ensure that a complete Administrative Record was provided. Plaintiffs offered to further meet and confer, but given the expedited schedule in this case, indicated that the deficient Administrative Record needed to be raised to the Court today. Plaintiffs then indicated that they would file the motion and note the government's opposition.

8. **Previous time modifications**: On September 24, the Court granted a motion to shorten time for Plaintiffs' initial production motion, and granted the motion in part and denied it in part. The Court also adopted an expedited schedule for the PI Motion.

9. **Effect of requested time modification on schedule**: If granted, the time modification Plaintiffs request would require a modest delay of the consideration and disposition of Plaintiffs' PI Motion to ensure that Plaintiffs and the Court were presented with the necessary agency documents required by law before adjudication of the issues presented in the PI Motion. To the best of Plaintiffs' understanding, it would have no effect on any other aspect of the schedule in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed in San Francisco, California, on September 29, 2026.

*/s/ Michael A. Keough*
MICHAEL A. KEOUGH