CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748
kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>Defendants. | Case No. 4:26-cv-10680-AMO<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION TO SHORTEN TIME**<br><br>The Honorable Araceli Martínez-Olguín |

Over an hour before Plaintiffs filed their second Motion to Shorten Time (Dkt. 51), undersigned counsel asked Plaintiffs' counsel to include the following position in their motion:

> The government believe[s] plaintiffs raise a discovery dispute but have failed to meet and confer as required by the Court's standing order. The government further believes that any issues related to the Administrative Record can be taken up at the currently scheduled preliminary injunction hearing, and plaintiffs can raise such issues in the preliminary injunction reply brief. Ultimately, the brevity of the Administrative Record is a reflection of the fact that plaintiffs do not challenge final agency action in this case. However, if the Court determines that it has an insufficient record upon which to review the agency actions at the preliminary injunction hearing, the Court can set a briefing schedule or order further relief at that time. There is no need for an additional round of motion briefing less than a week after the Court expressly considered and rejected plaintiffs' requests for discovery prior to the preliminary injunction hearing.

Plaintiffs did not include the government's position in their motion or supporting declaration.

The government has worked in good faith to identify the challenged agency actions, any documents that memorialize those agency decisions, and any documents considered by the decisionmakers of those actions. The AR filed in Court (Dkt. 50) reflects the entirety of what the government has been able to locate at this extremely expedited juncture. It is plain that Plaintiffs here challenge agency operational decisions—the sharing of information between DHS components, and a temporary surge of resources—that are not "policies" in any traditional, legal sense of the term. Nevertheless, the government endeavored in shortened time to track down the documents related to those actions and provide them to Plaintiffs on the Court's required schedule.

Plaintiffs chose to file this litigation when they did; they chose to challenge the actions that they did; and they chose to file a motion for a **preliminary** injunction, not an early motion for summary judgment. Plaintiffs were already given the opportunity to explain to the Court at the scheduling conference which litigation path they wanted to take, and Plaintiffs chose an early PI hearing without discovery. And in addition to the AR, the Court has agency declarations and all of the materials submitted by Plaintiffs in support of their briefing. The government believes the Court has what it needs to decide the PI motion.

//

The Court should deny the request to shorten time, hold Plaintiffs to the existing briefing schedule (such that their preliminary injunction reply brief is due September 30), and proceed with the currently scheduled preliminary injunction hearing on October 1.

Date: September 29, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendants