United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION, et al.,<br>Plaintiffs,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Defendants. | Case No. 26-cv-10680-AMO<br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**<br>Re: Dkt. No. 53 |

Before the Court is Plaintiffs' motion to complete the administrative record or, in the alternative, seeking expedited discovery. Dkt. No. 53. Plaintiffs move to order the production of nine types of documents (hereinafter identified as Documents 2(b-j), as described in Plaintiffs' proposed order, Dkt. No. 53-1). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for October 6, 2026, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court GRANTS in part and DENIES in part Plaintiffs' motion.

## I. LEGAL STANDARD

Among other claims, Plaintiffs raise Administrative Procedure Act ("APA") challenges to the "execution of the Unlawful Voter Initiative Policy by Defendants." Dkt. No. 10 at 8. When reviewing agency action under the APA, the court "will reverse the agency action only if the action is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law." *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2004) (citing 5 U.S.C. § 706(2)). "An agency's action is arbitrary and capricious if the agency fails to consider an important aspect of a problem, if the agency offers an explanation for the decision that is contrary to the evidence, if the agency's decision is so implausible that it could not be ascribed to a difference in view or be the product of

agency expertise, or if the agency's decision is contrary to the governing law." *Id.* (citations omitted).

A court's arbitrary and capricious review shall be based on the "whole record or those parts of it cited by a part." 5 U.S.C. § 706. The whole administrative record "includes everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). This means that the record "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (citing *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 32 (N.D. Tex. 1981)). An administrative record submitted by the federal government is entitled to a presumption of completeness that may be rebutted by the moving party by clear evidence. *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021).

## II. DISCUSSION

The Court presumes that the administrative record produced by the federal government, Dkt. No. 50, is complete. *See Goffney*, 995 F.3d at 748. However, the Court finds that Plaintiffs successfully rebut this presumption by clear evidence that the record is incomplete as to one of the nine categories of requested materials as discussed below.

To meet the clear evidence standard, "a plaintiff must (1) 'identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record,' and (2) 'identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist as a result of other documents that are included in the administrative record.' " *Ctr. for Food Safety v. Vilsack*, No. 15-CV-01590-HSG-KAW, 2017 WL 1709318, at *3 (N.D. Cal. May 3, 2017) (quoting *Winnemem Wintu Tribe v. U.S. Forest Service*, No. 2:09-CV-01072-KJM-KJN, 2014 WL 3689699, at * 10 (E.D. Cal. July 24, 2014)). "It is insufficient for a plaintiff to simply assert that the documents are relevant, were before the agency at the time it made its decision, and were inadequately considered." *Id.* (citation omitted).

Here, Plaintiffs present clear evidence that the documents described in 2(e) documents were considered by agency decision-makers and pertain to the merits of the agency's decision. The Associate Director of Fraud Detection and National Security Directorate of USCIS identified information considered in developing the alleged policy described by Plaintiffs which evidence the existence of documents reflecting the "safeguards intended to reduce the risk" and that these documents were considered by decision makers. Dkt No. 46-1 ¶¶ 17-18 ("FDNS weighed the risk of inaccurate or incomplete information . . . against the importance of identifying matters that might warrant investigation and concluded that the process could proceed with safeguards intended to reduce the risk of an erroneous referral."). These documents must be produced to complete the administrative record.

Plaintiffs fail to meet their burden for the remaining documents, however. They have not met the clear evidence standard for asserting the administrative record is incomplete regarding the documents described in 2(c), 2(d), 2(f), and 2(j). The documents described in 2(b) and 2(g-i) are types of documents that are generally not included in an administrative record. *See San Diego Univ. for Integrative Stud. v. Westerlund*, No. 24-CV-01701 AGS-KSC, 2026 WL 181544, at *4 (S.D. Cal. Jan. 22, 2026) ("An administrative record need not include documents that became available after the agency made its decision ('post-decisional' documents).") (citing *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 555 (1978)); *see also Scotts Valley Band of Pomo Indians v. United States Dep't of Interior*, No. CV 19-1544 (ABJ), 2020 WL 13604009, at *5 (D.D.C. Oct. 15, 2020) ("But departmental regulations, policies, and procedures are not generally made part of the administrative record, and the memorandum in this case need not be a part of the record for plaintiff to be able to argue that the agency's action was unreasonable because it departed from its own written guidance on how to go about making the decision."). Therefore, these documents need not be produced to complete the administrative record.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion regarding the documents described in 2(e). Plaintiffs' request under 2(l) is moot because Defendants provided justification

United States District Court
Northern District of California

for redactions. The motion is otherwise **DENIED**. The October 6 hearing on the motion is **VACATED**.

Parties SHALL meet and confer on a production, briefing, and hearing schedule for the pending motion for preliminary injunction and SHALL file a status report proposing a schedule by no later than 4:00 p.m. on October 5, 2026.

**IT IS SO ORDERED.**

Dated: October 5, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**