**COUNTY OF SANTA CLARA**
TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
BILL NGUYEN, SBN 333671
Deputy County Counsel
70 W. Hedding Street, East Wing, 9th Floor
San José, CA 95110
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
E-Mail: bill.nguyen@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

*Additional Counsel for Plaintiffs in Signature Block*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION; NATIONAL NURSES UNITED; CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; and VOTO LATINO FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 4:26-cv-10680-AMO<br><br>**JOINT STATUS REPORT REGARDING PRODUCTION, BRIEFING, AND HEARING SCHEDULE FOR PLAINTIFFS' MOTION FOR APA STAY AND PRELIMINARY INJUNCTION** |

Pursuant to the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion to Complete the Administrative Record ("AR Order") (ECF 67), the Parties met and conferred on the afternoon of Monday, October 5, 2026. Below, the Parties present their respective proposals for a production, briefing, and hearing schedule for Plaintiffs' Motion for APA Stay and Preliminary Injunction ("PI Motion") (ECF 10).

**Plaintiffs' Position.** The following considerations guide Plaintiffs' proposal:

- *Timing of production.* On September 28, Defendants filed a declaration referencing the documents that are described in section 2(e) of Plaintiffs' Proposed Order Granting the AR Motion (ECF 53-1) and that the AR Order now requires Defendants to produce. *See* Bartell Decl., ECF 46-1, ¶¶ 17–18. The following day, Plaintiffs filed their Motion to Complete the Administrative Record or, in the Alternative, to Supplement the Record with Expedited Discovery ("AR Motion") (ECF 53), and in the Parties' conferrals based on the AR Motion, Defendants represented that they were actively searching for documents responsive to section 2(e) of Plaintiffs' proposed order. Today, Plaintiffs proposed that Defendants comply with the AR Order by Wednesday, October 7. Defendants then asked for additional time, until Thursday, October 15. Plaintiffs believe that the compromise proposed below—Friday, October 9, or ten days since the AR Motion was filed—balances Plaintiffs' urgent need for relief with Defendants' need for time to search for the single category of documents the Court has ordered be produced.
- *Additional filings.* Plaintiffs confirmed with Defendants today that Defendants will produce, ahead of and in addition to the production ordered by the AR Order, at least one other document in a supplemental volume of the administrative record.
- *Law enforcement privilege.* Plaintiffs also noted their understanding that a "claim of law enforcement privilege"—as Defendants have purported to assert with respect to certain redacted materials in the administrative record—"must be supported by the declaration of an appropriate agency official who has personally considered the materials at issue." *Novoa v. Geo Grp., Inc.*, 2020 WL 6694317, at *6 (C.D. Cal. Oct. 8, 2020) (citing *Landry v. FDIC*, 204 F.3d 1125, 1135–36 (D.C. Cir. 2000); *see also Garro Pinchi v.*

*Mullin*, No. 5:25-cv-05632-PCP, ECF No. 173, at 4 (N.D. Cal. Sept. 24, 2026); *Doe 1 v. McAleenan*, 2019 WL 4235344, at *2, *5 (N.D. Cal. Sept. 6, 2019). Plaintiffs maintain that the unsworn statement of counsel purporting to invoke the privilege, Opp. to AR Motion (ECF 66) at 13, is insufficient as a matter of law. Plaintiffs can provide additional briefing at the Court's request but, in the interest of judicial economy, have raised this issue here to preserve this objection.

- Finally, given the narrow scope of the AR Order, which requests a single category of documents already referenced in one of Defendants' declarations and cited in their opposition to the PI Motion, Plaintiffs believe that supplemental briefing from Defendants is not necessary.[1]

In light of the foregoing considerations, Plaintiffs hereby propose the following production, hearing, and briefing schedule for the PI Motion:

- Defendants will produce the "documents described in section 2(e)" of Plaintiffs' Proposed Order Granting the AR Motion (ECF 53-1)—including any "documents reflecting the 'safeguards intended to reduce the risk [of an erroneous referral]'"—by Friday, October 9, 2026. AR Order, p. 3 (citing Bartell Decl., ECF 46-1, ¶¶ 17–18).
- Plaintiffs will file their reply in support of the PI Motion by Tuesday, October 13, 2026.
- The hearing on the PI Motion is set for 11 A.M. Pacific Time on Thursday, October 15, 2026, or at another time convenient for the Court.

**Defendants' Position.** Plaintiffs propose a shorter production schedule than the one they previously proposed to the Court when they requested discovery relief. Plaintiffs previously proposed that, "[p]ursuant to the Court's order on the AR Motion, Defendants will provide additional materials, if any, by 12 P.M. Pacific Time on Tuesday, October 13, 2026." Dkt. 61 at 3. Plaintiffs now propose this Friday, October 9, as a "compromise" position, without justifying their departure from their prior request to the Court.

[1] If the Court is inclined to permit supplemental briefing from Defendants, Plaintiffs request that their reply in support of the PI Motion be extended by the length of that briefing.

Given the nature of the documents at issue, the government needs sufficient time to identify any documents sufficient to show the safeguards described in the USCIS Declaration. As the government explained previously, while "Plaintiffs assume that these processes are memorialized in one or more documents, but that does not appear to be the case here. The government has conducted a diligent search for documents memorializing any 'policy' regarding these issues, and has not located such a document." Dkt. 66 at 10. Moreover, "[i]t would [] be immensely burdensome to review individual emails to try to discern their descriptions of the relevant processes, and further attempt to determine the extent to which those descriptions were considered by agency decisionmakers." *Id.*

The government therefore requested in meet-and-confers that it be permitted to supplement the AR within 10 calendar days of the Court's Order, or October 15. As a compromise, the government proposed moving that date forward to Wednesday, October 14. (The parties noted in their meet and confers that Monday, October 12, is a federal holiday, and shared their desire to avoid a deadline on that date.)

Plaintiffs also previously agreed that the government could "file a supplement to their opposition to the PI Motion—not to exceed four pages—that is limited to addressing any additional materials they have provided by that date and time." Dkt. 61 at 3. In their proposal above, Plaintiffs appear to withdraw that offer, such that the government would have no opportunity to comment on any additional documents that it is able to locate and produce.

In light of the above, the government requests the following schedule:

- October 14, 2026: Defendants serve supplement to the AR pursuant to the Court's Order (Dkt. 67); Defendants may file a supplemental brief up to five pages to address any additional documents produced since the original AR was served.
- October 16, 2026: Plaintiffs file reply in support of PI motion.
- October 19, 2026, or thereafter at the Court's convenience: hearing on PI motion.

DATED: October 5, 2026 Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendants

By: */s/ Beau C. Tremitiere*
BEAU C. TREMITIERE
Counsel
GEOFFREY CURFMAN*
Counsel
HAYDEN JOHNSON*
Counsel
ZACHARY WEST*
Counsel
JESSICA MARSDEN*
Counsel
ASHLEY FOX*
Counsel

Attorneys for Plaintiffs
CALIFORNIA NURSES ASSOCIATION, NATIONAL NURSES UNITED, AND VOTO LATINO FOUNDATION

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
MOLLIE M. LEE
Chief of Strategic Advocacy
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
MICHAEL A. KEOUGH
Special Counsel
JOEL F. WACKS
Deputy City Attorney

By: */s/ Michael A. Keough*
MICHAEL A. KEOUGH
Special Counsel

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

TONY LOPRESTI
County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
BILL NGUYEN
Deputy County Counsel

By: *<u>/s/ Bill Nguyen</u>*
BILL NGUYEN
Deputy County Counsel

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

BENJAMIN R. FARLEY*
Counsel
IMANI FRANKLIN*
Counsel

By: *<u>/s/ Benjamin R. Farley</u>*
BENJAMIN R. FARLEY*
Counsel

Attorneys for Plaintiffs
CALIFORNIA NURSES ASSOCIATION,
NATIONAL NURSES UNITED, AND
VOTO LATINO FOUNDATION

**Admitted Pro Hac Vice*

**FILER'S ATTESTATION**

I, BILL NGUYEN, am the ECF user whose identification and password are being used to file this JOINT STATUS REPORT REGARDING PRODUCTION, BRIEFING, AND HEARING SCHEDULE FOR PLAINTIFFS' MOTION FOR APA STAY AND PRELIMINARY INJUNCTION. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the above-named signatories concur in this filing.

DATED: October 5, 2026

Respectfully submitted,

By: *<u>/s/ Bill Nguyen</u>*
BILL NGUYEN
Deputy County Counsel

Attorney for Plaintiff
COUNTY OF SANTA CLARA