CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748
kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>Defendants. | Case No. 4:26-cv-10680-AMO<br><br>**ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL ADMINISTRATIVE RECORD UNDER SEAL**<br><br>The Honorable Araceli Martínez-Olguín |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants respectfully submit this Administrative Motion to file the Supplemental Administrative Record under seal.[1]

Defendants respectfully request that the Supplemental Administrative Record (SAR) remain under seal, at least until dispositive motions are resolved in this matter or the Court issues a further protective order. Because the present dispute concerning the SAR is a non-dispositive motion for preliminary injunction, the applicable legal standard is whether "'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (cleaned up). Such good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed. R. Civ. P. 26(c)); *see also, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Good cause exists to seal the SAR for the limited purpose of the preliminary injunction hearing. The SAR contains highly sensitive, non-public materials that contain law enforcement sensitive information, the disclosure of which would compromise ongoing agency operations. Specifically, the SAR includes detailed internal procedures, operational safeguards, and investigative methodologies that USCIS FDNS personnel employ when investigating unlawful voting. These guidelines are not publicly available and are utilized in ongoing and future investigations. Additionally, the SAR contains non-public instructional documents and internal directives issued exclusively to USCIS FDNS employees.

Because the public interest in the open administration of justice is outweighed by the government's compelling interest in maintaining the integrity of its national security and law enforcement vetting procedures, and because these sensitive details are inextricably intertwined with the SAR, keeping these records under seal is the only effective, narrowly tailored means to prevent a severe risk of circumvention of the law.

---

[1] Defendants apologize for any confusion on their part in not filing the SAR on October 13, 2026. Defendants understood the Court's order (Dkt. 69) that the government "produce" the SAR and "file" a supplemental brief to require that the SAR be produced to Plaintiffs by October 13, which the government did, *see* Dkt. 70.

Plaintiffs have had access to the SAR (with limited additional redactions for PII and law-enforcement-privileged information) since October 13, and they are able to review it and address it in their forthcoming reply brief without the need for the SAR to be filed on the public docket at this time. To the extent it may ultimately become necessary to consider the SAR in the course of a dispositive motion, the parties and the Court can reevaluate under the applicable standard whether the documents should be on the public docket at that time.

Date: October 14, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendants

**DECLARATION OF KELSEY J. HELLAND**

I, KELSEY J. HELLAND, declare as follows:

1. I am an Assistant United States Attorney and an attorney of record for Defendants in this action. I submit this declaration pursuant to Civil L.R. 79-5(f)(3) in support of Defendants' Administrative Motion To File Supplemental Administrative Record Under Seal. The facts set forth in this declaration are within my personal knowledge or based upon documents and information I have received in the course of this litigation.

2. Good cause exists to seal the SAR for the limited purpose of the preliminary injunction hearing. The SAR contains highly sensitive, non-public materials that contain law enforcement sensitive information, the disclosure of which would compromise ongoing agency operations. Specifically, the SAR includes detailed internal procedures, operational safeguards, and investigative methodologies that USCIS FDNS personnel employ when investigating unlawful voting. These guidelines are not publicly available and are utilized in ongoing and future investigations. Additionally, the SAR contains non-public instructional documents and internal directives issued exclusively to USCIS FDNS employees.

3. Because the public interest in the open administration of justice is outweighed by the government's compelling interest in maintaining the integrity of its national security and law enforcement vetting procedures, and because these sensitive details are inextricably intertwined with the SAR, keeping these records under seal is the only effective, narrowly tailored means to prevent a severe risk of circumvention of the law.

I declare under penalty of perjury under the laws of the United States that the above is true and accurate to the best of my information, knowledge, and belief. Executed this 14th day of October, 2026, in San Francisco, CA.

/s/ Kelsey J. Helland
KELSEY J. HELLAND
Assistant United States Attorney

**[PROPOSED] ORDER**

| **Document title or description** | **Dkt. No. of redacted version** | **Dkt. No. of unredacted version** | **Dkt. No. of decl. in support of sealing** | **Party with burden to substantiate need to seal** | **Full or partial sealing sought** | **Brief statement of reason for sealing (with citation to corresponding declaration in support of sealing)** | **Granted/ Denied (leave blank)** |
|---|---|---|---|---|---|---|---|
| Supplemental Administrative Record | 73-1 | 74-1 | 74 | Defendants | Full | Sensitive law enforcement information, including investigative techniques and procedures. | |

Date:

______________________________
HON. ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE