CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748
kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>Defendants. | Case No. 4:26-cv-10680-AMO<br><br>**DECLARATION OF KELSEY J. HELLAND IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE PLAINTIFFS' PI REPLY UNDER SEAL**<br><br>The Honorable Araceli Martínez-Olguín |

**DECLARATION OF KELSEY J. HELLAND**

I, KELSEY J. HELLAND, declare as follows:

1. I am an Assistant United States Attorney and an attorney of record for Defendants in this action. I submit this declaration pursuant to Civil L.R. 79-5(f)(3) in support of Plaintiffs' Administrative Motion To Consider Whether Another Party's Material Should Be Sealed (Dkt. 80). The facts set forth in this declaration are within my personal knowledge or based upon documents and information I have received in the course of this litigation.

2. Because the present dispute concerning the material to be sealed is a non-dispositive motion for preliminary injunction, the applicable legal standard is whether "'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (cleaned up). Such good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed. R. Civ. P. 26(c)); *see also, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

3. Good cause exists to seal the redacted portions of Plaintiffs' preliminary injunction reply brief for the limited purpose of the preliminary injunction hearing, because those portions quote and discuss portions of the SAR, which itself should be maintained under seal. As the government has previously explained (Dkt. 74), the SAR contains highly sensitive, non-public materials that contain law enforcement sensitive information, the disclosure of which would compromise ongoing agency operations. Specifically, the SAR includes detailed internal procedures, operational safeguards, and investigative methodologies that USCIS FDNS personnel employ when investigating unlawful voting. These guidelines are not publicly available and are utilized in ongoing and future investigations. Additionally, the SAR contains non-public instructional documents and internal directives issued exclusively to USCIS FDNS employees.

4. Because the public interest in the open administration of justice is outweighed by the government's compelling interest in maintaining the integrity of its national security and law

enforcement vetting procedures, and because these sensitive details are inextricably intertwined with the SAR, keeping Plaintiffs' quotation and discussion of these records under seal is the only effective, narrowly tailored means to prevent a severe risk of circumvention of the law.

I declare under penalty of perjury under the laws of the United States that the above is true and accurate to the best of my information, knowledge, and belief. Executed this 20th day of October, 2026, in San Francisco, CA.

/s/ *Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney