CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6748
kelsey.helland@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CALIFORNIA NURSES ASSOCIATION, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al.,

Defendants.

Case No. 4:26-cv-10680-AMO

**DEFENDANTS' RESPONSE IN OPPOSITION TO RELATING CASES**

The Honorable Araceli Martínez-Olguín

Defendants respectfully oppose the relation of this matter ("*California Nurses*") with *SEIU v. DOJ*, No. 26-cv-12800 ("*SEIU*"), because the standard for relation under Civil Local Rule 3-12(a) is not met.

## I. LEGAL STANDARD

Under Local Rule 3-12(a), cases may be related where "(1) The actions concern substantially the same parties, property, transaction, or event; *and* (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Civ. L.R. 3-12(a) (emphasis added).

## II. ARGUMENT

### A. The Two Cases Arise From Different Events And Involve Different Parties.

Relation is improper first and foremost because these actions arise from different events and transactions and involve largely different parties.

*California Nurses* was brought by two nurses unions, two local governments, and a nonprofit against the Department of Homeland Security and nine DHS officials and component agencies. *See* Dkt. 1. The claims primarily concern two law-enforcement teams within DHS components: FDNS (in USCIS) and HSI (in ICE). Plaintiffs in that case allege that FDNS's use of allegedly unreliable data sources to identify potential noncitizen voting has tainted the leads sent to HSI for further investigation. *See generally id.* Plaintiffs describe those specific FDNS and HSI actions as "policies," and challenge those alleged "policies" under the APA, the Voting Rights Act, and the Constitution. *See id.*

By contrast, *SEIU* involves an entirely different set of plaintiffs: two employee unions (one of which specifically represents public employees), and two civil rights organizations. *See SEIU*, ECF 1 at ¶¶ 22-27. The defendants in *SEIU* are the U.S. Department of Justice, the Attorney General, DHS, and the Secretary of Homeland Security. *See id.* ¶¶ 28-31. The *SEIU* complaint focuses on the allegedly threatened "criminal prosecution of state and local election workers if they process and count ballots using procedures required by federal and state law," *id.* ¶ 2, and highlights specific alleged DOJ actions in its opening paragraphs, *see id.* ¶ 3. In the 181 numbered paragraphs across 41 pages, the *SEIU* complaint does not mention "FDNS" at all; mentions "USCIS" once in a filename in a footnote citation

(*id.* ¶ 56 n.9); and mentions "HSI" just seven times in two background paragraphs (*id.* ¶¶ 60, 75 & n.16).

In short, while both cases are based to some extent on the federal government's investigations into election issues, they are brought by entirely different plaintiffs against almost entirely different defendants concerning different types of law-enforcement actions. The actions are not "substantially the same," and the cases are not related under Local Rule 3-12(a)(1).

**B. Separate Adjudication of These Lawsuits Would Not Result in an Unduly Burdensome Duplication of Labor or Expense or Risk of Conflicting Results.**

Nor do the two actions satisfy the standard under Local Rule 3-12(a)(2). The two cases are at very different procedural postures, concern different government agencies and alleged investigative actions, and involve only minimally overlapping legal issues.

First, this Court has already issued a preliminary injunction in *California Nurses*, which is up on appeal, and for which a stay motion is pending at the Ninth Circuit. *See, e.g.*, Dkt. 87, 89. The government has prepared the administrative record; the Court has familiarized itself with that record; and the Court has made initial rulings on the government's defenses and Plaintiffs' claims. By contrast, in *SEIU*, no motion for a TRO or injunction has yet been filed. *See generally SEIU*. Assuming one is filed, the Court in *SEIU* will need to come up to speed regarding a different set of issues and a different factual record concerning different parties and programs.

Second, although some of the labels of the plaintiffs' claims in the two cases overlap, the actual legal issues are quite different. In *California Nurses*, the plaintiffs primarily brought claims under the APA concerning certain specific alleged DHS programs, as well as claims under the VRA and Constitution concerning those same agency actions. The *SEIU* plaintiffs bring VRA, constitutional, and APA claims against other types of law-enforcement activity. And the government will need to brief, and the Court will need to decide, any threshold defenses the government may have concerning these new plaintiffs and novel challenged actions. There is no meaningful judicial efficiency to be gained from having the same judge in *California Nurses* likewise decide the issues in *SEIU*.

In short, none of the prerequisites for a related case are present here, and none of the burdens that Local Rule 3-12(a) is designed to prevent would be avoided by ordering the cases related. Accordingly, the definition of related cases has not been met, and *SEIU* should be found not related to the instant case.

*See Hodges v. Akeena Solar*, *Inc.*, No. 09-cv-02147-JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010). To do otherwise would be to imply that all cases that include claims related to federal election investigations (to any degree) should be heard by the same judge. But this District typically avoids defaulting to have single judges decide such merely thematically related cases. *See, e.g.*, *City of Fresno et al. v. Turner, et al.*, Case No. 3:25-cv-07070-RS at ECF 56 (denying administrative motion to relate HUD grant conditions cases). And such default relation would be inconsistent with the bedrock value of random assignment of cases. *See* Civ. L.R. 3-3; G.O. 44.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this action and *SEIU* should not be deemed related.

Date: October 30, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendants